IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALENTINA L. O'CONNOR, as next friend and guardian of Michael W. O'Connor, | ) ) ) ) | |
| | ) | No. 13 CV 7477 |
| Plaintiff, | ) ) ) | Judge Holderman |
| v. | ) ) | Magistrate Judge Kim |
| THOMAS J. DART, in his official capacity as Cook County Sheriff; CERMAK HEALTH SERVICES; the COUNTY OF COOK, a Body Politic and Corporate; UNKNOWN OFFICERS of the Cook County Sheriff's Department, in their individual capacities, (Previously "C.C.D.O.C.") Defendants. | ) ) ) ) ) ) ) ) ) ) ) | |

## AMENDED COMPLAINT

NOW COMES Plaintiff, Valentina O'Connor, as next friend & legal guardian of Michael W. O'Connor, by and through counsel, Rebecca R. Kaiser, and complains of THOMAS J. DART, in his official capacity as Cook County Sheriff; CERMAK HEALTH SERVICES; the COUNTY OF COOK; UNKNOWN OFFICERS OF THE COOK COUNTY SHERIFF'S OFFICE, in their individual capacities, as follows:

**Jurisdiction and Venue**

1.  Plaintiff VALENTINA O'CONNOR is the legal guardian of MICHAEL W. O'CONNOR, her mentally disabled son. (*See*, Order Appointing Plenary

1

Guardian For Disabled Person dated July 16, 2013, attached as Exhibit A.)

2. Plaintiff VALENTINA O'CONNOR, as next friend and guardian of MICHAEL W. O'CONNOR, is a resident of the Northern District of Illinois.

3. At all relevant times, MICHAEL W. O'CONNOR was in the care and custody of Cook County Jail.

4. At all relevant times, Defendant THOMAS J. DART was the Sheriff of Cook County. He was solely responsible for all security, corrections policies and practices at the Cook County Jail. Defendant THOMAS J. DART is responsible for the care, custody, and control of each individual housed in Cook County Jail.

5. At all relevant times, Defendant CERMAK HEALTH SERVICES was the entity responsible for providing healthcare for inmates at Cook County Jail.

6. At all relevant times, Defendants UNKNOWN OFFICERS OF THE COOK COUNTY SHERIFF'S DEPARTMENT were employed by the COUNTY OF COOK.

7. All events described in this complaint occurred in Cook County, Illinois.

8. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 to redress the deprivation under color of law of Michael O'Connor's rights as secured by the United States Constitution.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this

judicial district as well.

## Facts

10. Michael O'Connor has been treated for mixed bipolar psychosis and ADHD since 2004, when he was 14 years old.

11. For his mental illnesses, Michael has been prescribed Depakote, Adderall, Zyprexa, and Vyvanse.

12. Michael also takes Levothyroxine for hypothyroidism as well as blood pressure medication.

## The Seizure

13. On or about June 14, 2012, Michael was arrested and taken into custody at Cook County Jail.

14. Michael immediately informed the sheriffs that he was bipolar and needed his medication.

15. On or about June 15, 2012, Michael's attorney, Thomas Needham, sent a notarized letter to Cook County Jail with a list of Michael's medications and their proper dosages.

16. Despite knowing about Michael's medical needs, the Cook County Sheriffs would not give Michael his medication.

17. Due to not receiving his proper medications, Michael's bipolar and ADHD symptoms returned.

18. On or about June 23, 2012, as a result of not receiving his medications for nine days, Michael suffered a seizure at Cook County Jail.

19. Michael suffered bodily injuries from his seizure.

20. Michael was bonded out of Cook County Jail on or about July 1, 2012.

## The Beating In Jail

21. On or about October 16, 2012, The O'Connor family was put on notice that Michael would likely be arrested again.

22. On or about October 17, 2012, Valentina O'Connor called the Bridgeview State's Attorney's Office and made them aware of Michael's mental health and need for medication.

23. On or about October 18, 2012, Michael was again arrested.

24. Shortly thereafter, Michael had appeared in court in Bridgeview.

25. Valentina O'Connor gave the sheriffs in the courtroom Michael's medications in a marked, Ziploc bag.

26. Michael was placed in Cook County Jail, Division X.

27. Valentina O'Connor and Michael O'Connor, Sr., Michael's father, called Cook County Jail every day Michael was incarcerated to remind them that Michael needed his medication.

28. On or about November 4, 2012, Valentina O'Connor went to Cook County Jail in person to speak to someone about Michael's medical needs.

29. The sheriff with whom she spoke said that if she did not stop bothering him, she would "never see her son again."

30. Despite knowing about Michael's illnesses from his last term of incarceration, the seizure he suffered without them, his mother having given the

sheriffs Michael's medication, and his parents calling the jail every day, he again did not receive his medications from October 18, 2012 to November 6, 2012.

31. Due to not receiving his medications, Michael began to have suicidal ideations.

32. Michael was treated at Tinley Park Hospital on or around November 6, 2012.

33. Michael returned to Cook County Jail that same day.

34. Once Michael returned, despite knowing the proper combination of medications that has worked for him, the doctors at Cermak Health Center gave Michael a different combination of medications, including a high (4 mg.) dose of Klonopin, a sedative.

35. Michael was placed in a cell with another inmate who repeatedly threatened Michael's life and stole his commissary.

36. Michael made three to four requests to the sheriffs to be separated from his cell mate because he felt that he was in danger.

37. The Sheriffs ignored his requests and told Michael that he was fine.

38. On or about November 8, 2012, Michael awoke from sleeping to his cellmate tearing metal off the cell desk and threatening that he was going to use the metal to make a weapon to shank Michael.

39. Then, as Michael slowly got out of bed, disoriented from the high dose of Klonopin, his cell mate hit Michael in the face.

40. His cell mate then beat Michael and slammed his head into the ground

for approximately 20 minutes.

41. While being beaten, Michael was screaming and asking for help.

42. Michael was knocked unconscious for approximately 10 minutes.

43. When Michael awoke, he found himself in a pool of his own blood.

44. Michael's cellmate forced Michael to get up and onto a bunk and cover himself with a blanket.

45. While covered up, a sheriff came by Michael's cell and asked him to take off the blanket. Michael complied with this request.

46. The sheriff then left to get help.

47. While the sheriff was gone, Michael's cellmate punched him in the face two more times and said he would kill Michael's family if he "ratted" on him.

48. The sheriff came back with other sheriffs and gave Michael limited medical attention.

49. Michael was then placed in protective custody.

50. Michael was released from Cook County Jail on or about February 14, 2013.

51. Due to the beating, Michael suffered from temporary loss of vision, chronic conjunctivitis, bite marks all over his neck, could not open his mouth for three days, deafness in his left ear, and his head was swollen to twice its normal size.

52. As an additional result of this beating, Michael was diagnosed with traumatic brain injury ("TBI") post-traumatic stress disorder ("PTSD"), and severe

anxiety.

## COUNT I- DELIBERATE INDIFFERENCE – FAILURE TO PROVIDE MEDICAL CARE

### (Defendant Cook County Sheriff Thomas Dart, Cermak Health Services, and Unknown Officers Of The Cook County Sheriff's Office)

53. Each of the above paragraphs is incorporated as if restated herein.

54. Michael O'Connor's diagnosed mixed bipolar disorder and ADHD are serious medical conditions.

55. Defendants knew about Michael's serious medical conditions because his parents, Michael O'Connor, Sr. and Valentina O'Connor, told them about his conditions and gave them Michael's proper medication.

56. Defendants knew about Michael's serious medical conditions through the health screening purportedly done at jail intake.

57. Defendants knew about the substantial risk of serious harm to Michael O'Connor if he did not receive his medication.

58. Defendants deliberately, willfully, and wantonly disregarded the obvious and serious medical needs of Michael and risks to his health and failed to take appropriate steps to provide him with his medication, thus violating Michael's rights under the Fourteenth and Eighth Amendments to the United States Constitution.

59. As a result of this violation, Michael suffered a seizure while in the custody and care of the Cook County Sheriffs, and suffered injuries to his head.

60. Defendants deliberately, willfully, and wantonly disregarded the

obvious and serious medical needs of Michael and risks to his health and failed to take appropriate steps to provide him with the proper medication, despite being in possession of it and knowing what it was, and instead gave him different medication, thus violating Michael's rights under the Fourteenth and Eighth Amendments to the United States Constitution.

61. As a result of this violation, Michael was overly medicated and less able to defend himself when he was attacked by his cellmate.

62. Michael's injuries as a result of this attack include, but are not limited to a swollen face, inability to open his mouth, temporary loss of vision, chronic conjunctivitis, a bitten neck, deafness, anxiety, TBI, and PTSD.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

### COUNT II – DELIBERATE INDIFFERNECE – FAILURE TO PROTECT

**(Defendants Cook County Sheriff Thomas Dart and Unknown Officers Of The Cook County Sheriff's Office)**

63. Each of the above paragraphs is incorporated as if restated herein.

64. By being placed in a cell with someone who continuously threatened his life and safety, Michael O'Connor was incarcerated under conditions posing a substantial risk of serious harm.

65. The Cook County Sheriffs knew of this risk because Michael told them

about the threats from his cellmate three or four times and asked to be transferred to a different cell.

66. In failing to take reasonable measures to honor or investigate Michael's complaints, the Cook County Sheriffs willfully, wantonly, and with reckless disregard for Michael's safety, placed Michael at risk of serious harm.

67. Due to the Sheriffs' misconduct, Michael suffered a severe beating by his cellmate.

68. This beating resulted in Michael's injuries that include, but are not limited to a swollen face, inability to open his mouth, temporary loss of vision, chronic conjunctivitis, a bitten neck, deafness, anxiety, TBI, and PTSD.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

### COUNT III – *MONELL* CLAIM
**(Defendants Cook County Sheriff Thomas Dart, Cermak Health Services, and the County of Cook)**

69. Each of the above paragraphs is incorporated as if restated herein.

70. The institutional defendants, as enforced by the official defendants, tacitly approve of the unconstitutional and unlawful uses of excessive force and deliberate indifference by their employee sheriffs through one or more of the following de facto policies, practices, and/or customs:

a) Fostering a widespread practice at Cook County Jail in which employees are encouraged to disregard or not timely treat the serious medical needs of detainees;

b) Fostering a widespread practice at Cook County Jail of not adequately screening incoming detainees for mental health concerns;

c) Severely understaffing correctional officers and medical employees of Cook County Jail, despite knowing that understaffing greatly increases the chances that the inmates' serious medical needs go untreated;

d) Fostering a widespread practice at Cook County Jail in which employees are encouraged to disregard inmates' safety concerns;

71. The aforementioned policies, practices, and/or customs of the institutional defendants have been maintained and implemented with deliberate indifference to the constitutional rights of inmates to be free from excessive force and deliberate indifference.

72. One or more of the aforementioned policies, practices, and/or customs of the institutional defendants was the "driving force" and cause of the Unknown Cook County Sheriffs' aforementioned constitutional violations against Michael O'Connor.

73. One or more of the aforementioned policies, practices, and/or customs of the institutional defendants was a proximate cause of Michael's aforementioned injuries.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal

guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

### COUNT IV – INDEMNIFICATION
### (County Of Cook)

74. Each of the above paragraphs is incorporated as if restated herein.

75. Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

76. The Unknown Defendant Officers Of The Cook County Sheriff's Department were employees of Cook County at the time they committed the aforementioned constitutional violations against Michael O'Connor, and acted within the scope of their employment in committing the aforementioned misconduct.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**DATED:** July 1, 2014

                                            Respectfully submitted,

                                            **HENDERSON ADAM, LLC**

                                            By:    /s/ Rebecca R. Kaiser
                                                       Attorney For Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, Illinois 60606
Phone:  (312) 262-2900
Facsimile:  (312) 262-2901